**AFFIRMED as MODIFIED and Opinion Filed June 5, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00473-CR**

**No. 05-18-00474-CR**

**RICKEY LECARDO MCGEE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-34511-H; F16-34499-H**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Bridges

Ricky Lecardo McGee appeals his aggravated robbery convictions.[1]  A jury convicted appellant and sentenced him to sixty years' confinement in each case.  In four issues, appellant argues the evidence is legally insufficient to support his aggravated robbery convictions, and the judgment in each case should be reformed to show he pleaded not true to the enhancement allegations.  As reformed, we affirm the trial court's judgments.

---

[1] In its notice of extraneous offenses, the State gave appellant notice that evidence of the following crimes, wrongs, or acts might be used: three charges of evading arrest, two charges of retaliation, one assault charge, two charges of unlawful possession of a firearm by a felon, and one charge of assault family violence enhanced.

In November 2016, appellant was indicted on two charges of aggravated robbery committed against Ryan Roberts and Robert Freeman. Each indictment was enhanced by a 2010 aggravated assault conviction and a 1997 retaliation conviction.

At trial in November 2017, Ryan Roberts testified that, at about 7:30 p.m. on September 26, 2016, he and a co-worker, Robert Freeman, were at their workplace in Irving. Roberts' employer provides twenty-four-hour on-call services and leases and maintains dish washing machines for restaurants. Roberts and Freeman were in a company van in the parking lot. While the two were talking in the van, a blue Infiniti drove by. Freeman had just test-driven a similar car, so he pointed it out. A little later, the Infiniti came back into the parking lot and stopped. Roberts assumed the driver was stopping to ask for directions, and he started walking toward the Infiniti. Appellant got out of the car "kind of oddly," and Roberts saw appellant had a gun. When he saw the gun, Roberts was "afraid" that appellant "was going to use it." Appellant "kept coming up," and he said "I will . . . kill you." Appellant demanded the men's wallets, and Freeman took out his wallet and handed it over. Roberts asked if he could keep his driver's license, and appellant said "Yes." However, before Roberts could get his driver's license out, appellant grabbed the wallet and left. Roberts' social security card, driver's license, credit cards, and a debit card were still in his wallet. Freeman noted appellant's license plate number, and Roberts called 911.

Freeman testified appellant drove up in a blue Infiniti and "came out with a gun in his hand." Freeman "knew [he] was getting robbed." When asked whether he was "in fear of your life or getting hurt," Freeman answered, "That was the first time I've ever actually had a gun pointed in my face, so, yes, ma'am." The gun was "big." Appellant made Freeman and Roberts give him their wallets. Freeman's wallet contained credit cards and "personal stuff." As appellant drove away, Freeman saw appellant's license plate from "maybe 20 feet away" and "immediately started memorizing the numbers." On September 28, 2016, Freeman identified appellant in a

photographic lineup. A warrant was issued for appellant's arrest, and a loaded gun was found in the center console of appellant's car when he was arrested. A jury convicted appellant, and these appeals followed.

In his first and second issues, appellant argues the evidence is legally insufficient to support his aggravated robbery conviction. Specifically, appellant argues the evidence does not show he placed either Roberts or Freeman in fear of imminent bodily injury or death because Roberts testified he was afraid when he saw the gun but did not say that he was in fear of imminent bodily injury or death, and Freeman "did not think [appellant] would shoot them."

We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* When analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* When the record supports conflicting inferences, we presume that the factfinder resolved conflicts in favor of the verdict and defer to that determination. *Id.* Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011). The offense becomes aggravated robbery if the person "uses or exhibits a deadly weapon." *Id.* § 29.03(a)(2). The indictments in these cases alleged appellant "did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten and place [Roberts and Freeman] in fear of imminent bodily injury and death, and [appellant] used and exhibited a deadly weapon, to-wit: A FIREARM."

Here, appellant got out of his car, and Roberts saw appellant had a gun. Appellant approached Roberts and Freeman and said "I will . . . kill you." When he saw the gun, Roberts was "afraid" that appellant "was going to use it." When asked whether he was "in fear of your life or getting hurt," Freeman answered, "That was the first time I've ever actually had a gun pointed in my face, so, yes, ma'am." We conclude, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found appellant placed both Roberts and Freeman in fear of imminent bodily injury or death beyond a reasonable doubt. *Clayton*, 235 S.W.3d at 778. There is no requirement that a victim of aggravated robbery use the exact phrase "I was in fear of imminent bodily injury or death" when expressing fear. *Boston v. State*, 373 S.W.3d 832, 839 (Tex. App.—Austin 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013). We overrule appellant's first and second issues.

In his third and fourth issues, appellant argues the judgment in each case should be modified to reflect that he pleaded "not true" to the enhancement allegations. The State agrees that the judgments are incorrect and should be modified. This Court has the power to modify a judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet.

ref'd); *Barnes v. State*, No. 05-16-01184-CR, 2017 WL 5897746, at *6 (Tex. App.—Dallas Nov. 29, 2017, no pet.) (mem. op., not designated for publication).

Each judgment in this case states appellant pleaded "true" to the enhancement allegations. The record reflects that appellant pleaded "not true" to the enhancement allegations. We sustain appellant's third and fourth issues. We modify the judgment in each case to reflect that appellant pleaded "not true" to the enhancement allegations in each case.

As modified, we affirm the trial court's judgments.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

180473F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RICKEY LECARDO MCGEE, Appellant

No. 05-18-00473-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F16-34511-H.
Opinion delivered by Justice Bridges.
Justices Brown and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

following the heading "Plea to 1st Enhancement Paragraph," "TRUE" is deleted, and "NOT TRUE" is substituted; following the heading "Plea to 2nd Enhancement/Habitual Paragraph," "TRUE" is deleted, and "NOT TRUE" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 5, 2019



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RICKEY LECARDO MCGEE, Appellant

No. 05-18-00474-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F16-34499-H.
Opinion delivered by Justice Bridges.
Justices Brown and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

following the heading "Plea to 1st Enhancement Paragraph," "TRUE" is deleted, and "NOT TRUE" is substituted; following the heading "Plea to 2nd Enhancement/Habitual Paragraph," "TRUE" is deleted, and "NOT TRUE" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 5, 2019